| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| WILLIAM DORSEY also known as WILLIAM DAVIDSON,<br><br>          Petitioner,<br><br>   - versus -<br><br>N.Y.S.D.O.C.S.,<br><br>          Respondent. | TRANSFER ORDER<br><br>12-CV-2960 (JG) |
| WILLIAM DORSEY also known as WILLIAM DAVIDSON,<br><br>          Petitioner,<br><br>   - versus -<br><br>NEW YORK CITY,<br><br>          Respondent. | 12-CV-3252 (JG) |

JOHN GLEESON, United States District Judge:

   Petitioner William Dorsey, also known as William Davidson, currently incarcerated at the Atlantic County Justice Facility in New Jersey, files the instant *pro se* petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitions are consolidated for purposes of this Order only. Although not a model of clarity, in each petition Dorsey appears to challenge state convictions entered in New York County. He references two distinct Department Identification Numbers assigned by the New York State Department of Corrections and Community Supervision, *i.e.*, No. 04-A-5076 and 07-A-4879, which both involve New York County convictions. *See, e.g.*, Pet. ¶ 1(a), No. 12-CV-2960; *see also* N.Y.

State Dep't of Corrections & Community Supervision, Inmate Population Information Search, http://nysdoccslookup.doccs.ny.gov. His petitions also make repeated reference to a "parole add on." *See, e.g.*, Pet. ¶ 1(a), No. 12-CV-2960.

Because the judgments of conviction petitioner seeks to challenge were entered in New York County, venue is proper in the United States District Court for the Southern District of New York. *See* 28 U.S.C. § 2241(d); Local Civil Rule 83.3. To the extent petitioner seeks to challenge the outcome of a parole hearing that took place on Rikers Island, venue would still be proper in the Southern District of New York. *See Brooks v. Strack*, No. 98-CV-6528 (JG), 1999 WL 672949, at *4–5 (E.D.N.Y. Aug. 25, 1999) (explaining that Rikers Island is part of Bronx County, which is within the Southern District of New York); *see also Joseph v. N.Y. City Dep't of Corr.*, No. 10-CV-1265 (NGG) (LB), 2011 WL 1843162, at *2 n.3 (E.D.N.Y. May 13, 2011). The United States District Court for the Southern District of New York can best determine whether these petitions are barred from review as second or successive petitions, *see Davidson v. Sing Sing Corr. Facility*, No. 9:11-CV-0828 (GTS/DEP), slip op. at 3–5 (N.D.N.Y. Dec. 21, 2011) (setting forth petitioner's litigation history), or as untimely, or whether petitioner is still in custody pursuant to whatever New York County convictions or parole determinations he seeks to challenge.

Accordingly, the Clerk of this Court is respectfully directed to transfer these two cases to the United States District Court for the Southern District of New York. *See* 28 U.S.C. § 1406(a). The Clerk shall file and docket these two petitions without payment of fees, but without determining whether petitioner should be permitted to proceed further without payment of fees, such decision being reserved for the transferee court. That provision of Local Civil Rule 83.1 which requires a seven-day delay in effecting the transfer is waived.

So ordered.

John Gleeson, U.S.D.J.

Dated: July 26, 2012
Brooklyn, New York